**UNITED STATES DISTRICT COURT**
**OF SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 2:11-CV-60571-WPD**

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOES 1-25,

    Defendants.

## RESPONSE TO SHOW CAUSE ORDER

Plaintiff respectfully submits the following response to the Court's show cause order:

1.    This is a copyright litigation originally filed against 4 Doe Defendants known to Plaintiff only by an IP address.

2.    In order to obtain the Doe Defendants' identities, Plaintiff filed a motion for leave to serve a subpoena on the Doe Defendants' Internet Service Providers (ISPs).

3.    In response to these subpoenas, Plaintiff learned that the identities of many of the original Doe Defendants were permanently deleted by their ISPs during the time it took Plaintiff to draft and file a Complaint, obtain an order and serve subpoenas.

4.    Accordingly, Plaintiff filed an Amended Complaint adding new Doe Defendants on June 16, 2011.

5.    On June 24, 2011, this Court granted Plaintiff leave to serve subpoenas on the new Defendants' ISPs.

6.    On August 23, 2011, Doe 5 filed a Motion to Quash [Dkt. #29], a Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. #30], and a Motion for Protective Order [Dkt. #31].

7. Doe 5's ISP, Comcast Communications, refused to comply with the subpoena until Doe Defendant's motion to quash was adjudicated.

8. On November 7, 2011, this Court struck Doe 5's motion to quash.

9. On November 22, 2011, Plaintiff first obtained Doe 5's identity, Ms. Elizabeth Congote.

10. On December 6, 2011, this Court entered an order which states:

PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion for Extension of Time to Hold a 26(f) Conference [49]. As grounds for requesting an extension, Plaintiff noted the Defendant's pending Motion to Quash [29], which, at the time Plaintiff filed its Motion, this Court had not yet ruled upon. In an Order [52] dated November 7, 2011, this Court struck Defendants' Motion to Quash for failure to comply with Rule 11(a). Nearly a month has expired and a joint scheduling report has not been filed. Accordingly, based on the foregoing, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Extension of Time to Hold a 26(f) Conference [49] is DENIED. The Parties' shall file a joint scheduling report on or before December 13, 2011. Failure of counsel to file a joint scheduling report within the deadlines set forth above may result in dismissal, default, and the imposition of other sanctions including attorneys' fees and costs. Signed by Judge K. Michael Moore on 12/6/2011. (dwe)

11. On December 7, 2011, Plaintiff filed a proposed summons with the Court.

12. On December 8, 2011, the Clerk issued the summons.

13. On December 8, 2011, a process server attempted to serve Defendant. See Process Server's Declaration in Support of Plaintiff's Response to Show Cause Order (hereinafter "Server's Declaration") at paragraph 6.

14. On Friday, December 9, 2011, the process server made another attempt to serve Defendant. There was an African-American gentleman standing near the outside of Ms. Congote's apartment. The process server asked about Ms. Congote and the man informed the process sever that he did not live with Ms. Congote but he knew that she was not at home. See Server's Declaration at paragraph 7.

15. On Saturday, December 10, 2011, the process server made a third attempt to serve Defendant. When the process server arrived at Defendant's apartment, it sounded like there was somebody inside but nobody answered the door. See Server's Declaration at paragraph 8.

16. The process server attempted to contact the management office of the apartment complex to obtain more information, but the office was closed. See Server's Declaration at paragraph 8.

17. On Monday, December 12, 2011, the process server made a fourth attempt and saw the African American gentlemen again, and this time he repeated that he did not live with Ms. Congote. See Server's Declaration at paragraph 9.

18. The process server went back to the management office and inquired about Ms. Congote's unit. The process server confirmed that Ms. Congote lived in the apartment with her boyfriend. See Server's Declaration at paragraph 10.

19. The process server was shown a copy of their driver's licenses and recognized Ms. Congote's boyfriend as the gentleman whom the process server had spoken to previously. See Server's Declaration at paragraph 11.

20. The process server went back to speak to the African American gentlemen, and learned his name was Ronald Mitchell. The process server advised Mr. Mitchell that she knew Mr. Mitchell was Ms. Congote's boyfriend and that he indeed lived with Ms. Congote. See Server's Declaration at paragraph 12.

21. Once Mr. Mitchell realized that he could not deny service of the documents, he informed the process server that he knew what the documents were and to serve him.

22. Thereafter, the process server personally handed Mr. Mitchell a cover letter bearing Plaintiff's attorney, M. Keith Lipscomb's signature, the body of which states:

> Please find enclosed a copy of the Complaint, Summons and Proposed 26(f) Scheduling Report for the above captioned matter. We intend to file the 26(f) Report with your signature indicating that you agree to the schedule on Monday, December 12, 2011. If you object to any portion of it, please call our office at (786) 431-2228 as soon as possible.

along with a copy of the Summons, Complaint and Rule 26(f) Report to Mr. Mitchell.

23. In an attempt to discuss the 26(f) Scheduling Report, undersigned counsel's paralegals called and left messages several times for Ms. Congote, on December 12, 2011 and December 13, 2011, each of which asked that she return the call immediately.

24. On December 13, 2011, near the end of the day, it was clear Ms. Congote was not going to respond to the phone calls or call to object to the report or having her signature on it.

25. On December 13, 2011, so as to not mislead the Court, undersigned dictated a Notice of Filing Joint Scheduling Report, which states:

> Plaintiff, PATRICK COLLINS, INC., files this Notice of Filing Joint Scheduling Report, as required by Dkt # 53. Plaintiff hereby advises this Court that despite its numerous attempts to contact Doe 5 a/k/a Elizabeth Congote, to discuss the Scheduling Report, it has been unable to make contact with the Defendant. In addition to the several attempts to contact the Defendant, the documents served upon Elizabeth Congote requested that she contact Plaintiff's counsel by the close of business on December 12, 2011. At this point, Defendant has not contacted Plaintiff.

and instructed undersigned's paralegal to file the Notice along with the 26(f) Report so that Plaintiff could comply with the Order.

26. To date, undersigned counsel has not received a return phone call nor has Ms. Congote objected to Plaintiff filing the 26(f) Scheduling Report with her signature on it.

27. Plaintiff filed the Joint Scheduling Report with Ms. Congote's signature because Ms. Congote failed to contact Plaintiff and did not object to Plaintiff filing the report. This failure indicates that Ms. Congote acquiesced in having her name signed on the report.

28. Since Plaintiff cannot physically compel Ms. Congote to participate in a scheduling conference, and this Court ordered Plaintiff to file a <u>Joint</u> Scheduling Report by December 13, 2011, which requires the parties agree, Plaintiff believed that its only course of action to fully comply with this Court's order and avoid the possibility of sanctions was to rely on Ms. Congote's acquiesce.  Since Plaintiff also filed the Notice indicating that it had not spoken with Ms. Congote, it is clear that Plaintiff did not intend to mislead the Court.

## MEMORANDUM OF LAW IN SUPPORT OF<br>PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

Plaintiff, in an effort to comply with this Court's order to file a <u>joint</u> Rule 26(f) scheduling report, made every effort to contact Defendant, and failing direct contact relied on Defendant's acquiesce to the terms of the scheduling order.  "While failure to reply to a letter is not in all cases an act of acquiescence, when it would be reasonable for the recipient to respond and correct erroneous assumptions, and the recipient does not respond, it is considered an adoption."  <u>See</u> <u>Southern Stone Co., Inc v. Singer,</u> 665 F. 2d 698, 703 (5th Cir. 1982).  <u>See also</u> <u>Johnson v. E. Texas Legal Serv. Inc.</u>, 95 F.3d 52 (5th Cir. 1996) ("failure to contest an assertion is evidence of acquiescence only if it is natural under the circumstances to object.")  "The charge that where good faith requires an answer to a letter, a party is presumed to admit the propriety of acts mentioned in a letter to him when he fails to answer, and that such presumption is rebuttable, is a correct principle of law and was supported by the evidence."  <u>Collins v. Equal Opportunity of Atlanta</u>, 285 S.E. 2d 562, 565 (Ga. Ct. App. 1981).  <u>See</u> <u>also</u> <u>Nettles v. City of Leesburg--Police Dept</u>., 415 Fed.Appx. 116, 119 (11th Cir. 2010) (holding "[Nettles] has failed to respond to the [appellees'] latest motion to dismiss, which the Court interprets as acquiescence in dismissal of this case.")

Here, undersigned's cover letter expressly advised Defendant that Plaintiff would file the 26(f) Scheduling Report with Defendant's signature on it unless Defendant called Plaintiff to object to the report. This letter was served by a process server on Defendant's live-in boyfriend. Plaintiff made phone calls and left messages for Ms. Congote highlighting the urgency of this matter. Defendant did not contact Plaintiff nor has she offered any indication that she objects to the report. Upon receipt of the cover letter, a reasonably prudent person would contact Plaintiff and vocalize an objection to the report or Plaintiff signing it for said person – if any such objections existed. Indeed, Plaintiff expressly requested that Defendant do so. By failing to contact Plaintiff, Ms. Congote acquiesced in having her signature placed on the 26(f) report.

Dated: December 16, 2011

Respectfully submitted,

By: /s/*M.Keith Lipscomb/*
M. Keith Lipscomb (429554)
klipscomb@lbefirm.com
José S. Talavera (598984)
jtalavera@lbefirm.com
LIPSCOMB EISENBERG, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ *M. Keith Lipscomb*
M. Keith Lipscomb

6