IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-60571-KMM

PATRICK COLLINS, INC.,

    Plaintiff,

vs.

JOHN DOES 1–25,

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS CAUSE came before the Court upon Plaintiff Patrick Collins, Inc.'s Response to this Court's Order to Show Cause (ECF No. 59). UPON CONSIDERATION of the Plaintiff's Response, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND

Plaintiff is the owner and current holder of a United States Copyright Registration Number for the motion picture entitled "Bootylicious Girls" (the "Motion Picture"). On March 16, 2011, Plaintiff filed a Complaint against John Does 1–4 for allegedly infringing Plaintiff's exclusive rights in the Motion Picture. According to Plaintiff, Defendants were all users of "BitTorrent," which is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet. Am. Compl. ¶ 14.

On June 16, 2011, Plaintiff filed an Amended Complaint against John Does 1–25. On October 19, 2011, Plaintiff filed a Motion for an Extension of Time to Hold a Rule 26(f) Conference (ECF No. 49). In a Paperless Order dated December 6, 2011, this Court denied

1

Plaintiff's Motion, but provided the Plaintiff and Doe Defendant #5—the sole remaining Defendant—until December 13, 2011 to file a joint scheduling report (ECF No. 53).

On December 12, 2011, Doe Defendant #5 was served with the Complaint, and on December 13, 2011, Plaintiff filed a Notice of Joint Scheduling Report, along with a Joint Scheduling Report (ECF No. 56). This Court subsequently issued an Order to Show Cause to the Plaintiff regarding certain discrepancies in the Plaintiff's representations to the Court. As the Court explained:

> THIS CAUSE came before the Court upon Plaintiff's Notice of Filing Joint Scheduling Report [56]. The Notice states that "Plaintiff hereby advises this Court that despite its numerous attempts to contact Doe 5 a/k/a Elizabeth Congote, to discuss the Scheduling Report, it has been unable to make contact with the Defendant." The Notice continues to state that "the documents served upon Elizabeth Congote requested that she contact Plaintiff's counsel by the close of business on December 12, 20011. At this point, Defendant has not contacted Plaintiff." Accompanying Plaintiff's Notice of Filing Joint Scheduling Report is an actual Joint Scheduling Report. Despite Plaintiff's noted inability to contact Defendant, however, the Joint Scheduling Report filed by Plaintiff bears Defendant Elizabeth Congote's electronic signature, indicating that the Joint Scheduling Report was signed by Defendant Congote. Plaintiff is hereby ORDERED TO SHOW CAUSE by December 22, 2011, why the Joint Scheduling Report filed by Plaintiff bears Defendant's electronic signature despite Plaintiff's notice to the Court that Plaintiff was unable to make contact with Defendant.

(ECF No. 58).

On December 16, 2011, Plaintiff Responded to this Court's Order to Show Cause. This Court now takes up the issue of whether, in light of Plaintiff's Response, sanctions are appropriate.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." This requirement ensures, *inter alia*, that the

2

pleading, written motion, or other paper, is not being presented to the Court for an improper purpose. See Fed. R. Civ. P. 11(b). Rule 11 vests in District Courts the power to sanction parties for failing to comply with the provisions of the Rule. See Fed. R. Civ. P. 11(c). Additionally, Rule 41(b) permits the Court to dismiss an action for failure "to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).[1]

## III. ANALYSIS

Plaintiff does not argue that Defendant Elizabeth Congote actually signed the Joint Scheduling Report that was filed with this Court by Plaintiff and which bears her signature. Rather, Plaintiff argues that when the process server served Ms. Congote's boyfriend, the process server handed Ms. Congote's boyfriend a cover letter, which stated,

> Please find enclosed a copy of the Complaint, Summons and Proposed 26(f) Scheduling Report for the above captioned matter. We intend to file the 26(f) Report with your signature indicating that you agree to the schedule on Monday, December 12, 2011. If you object to any portion of it, please call our office . . . as soon as possible.

Pl.'s Resp. Order Show Cause, at 4 (ECF No. 59). Plaintiff's counsel argues that, because the unrepresented Defendant did not respond to this cover letter in the thirty-eight hours leading up to the Court's December 13, 2011 deadline, Plaintiff's counsel was justified in signing Defendant's name for her, despite Rule 11(a)'s mandate that "[e]very pleading, written motion, and other paper must be signed . . . *by a party personally if the party is unrepresented.*" See Fed. R. Civ. P. 11(a) (emphasis added).

In support of this theory, Plaintiff's counsel cites to several cases for the proposition that "[w]hile failure to reply to a letter is not in all cases an act of acquiescence, when it would be

---

[1] See Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting Eleventh Circuit precedent holding that District Courts have authority to act *sua sponte* pursuant to Rule 41(b)).

3

reasonable for the recipient to respond and correct erroneous assumptions, and the recipient does not respond, it is considered an adoption." Southern Stone Co., Inc. v. Singer, 665 F. 2d 698, 703 (5th Cir. Unit B 1982). Singer, however, concerned an evidentiary question under the Federal Rules of Evidence, and for that reason is distinguishable from the instant case. Tellingly, none of the case law Plaintiff's counsel cites in support of this theory of constructive signing actually evinces the idea that a party may contravene the Rule 11(a) signing requirement because the opposing party failed to respond to a letter or inquiry.

This Court interprets Rule 11(a) to require that which it explicitly states, that "[e]very pleading, written motion, and other paper must be signed . . . *by a party personally if the party is unrepresented.*" See Fed. R. Civ. P. 11(a) (emphasis added). While the Court is mindful of Plaintiff's counsel's disclosure of an inability to reach Defendant Congote, this circumstance, nor the existence of any letter that the unrepresented Defendant may or may not have received in the thirty-eight hours prior to Plaintiff's filing, is sufficient to justify a direct contravention of the Rule 11(a) signing requirement. Sending such a letter to an unrepresented defendant with such a limited timetable for a response is an abusive litigation tactic and will not be tolerated by this Court.[2]

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Scheduling Report (ECF No. 56) filed by Plaintiff and bearing Defendant Elizabeth Congote's signature is hereby STRICKEN from the Record. It is further

---

[2] If Plaintiff wished to avoid dismissal for failure to comply with this Court's December 6, 2011 Order, Plaintiff could have—and should have—filed a Motion for an Extension of Time. Though such a Motion may have been perceived by Plaintiff's counsel as unlikely to be granted, given the Court's prior Order, this is not to say that it would not have been granted, and to file such a motion would have been the correct procedure nonetheless.

4

ORDERED AND ADJUDGED that pursuant to this Court's authority under Federal Rule of Civil Procedure 41(b), this case is DISMISSED WITHOUT PREJUDICE for failure to file a joint scheduling report by the Court's December 13, 2011 deadline. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of January, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record